IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 JUL 25　A 10: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LUMBERMAN'S UNDERWRITING ALLIANCE and CAMBRIDGE INTEGRATED SERVICES GROUP, INC. as Subrogees of TRANSPORT LEASING/ CONTRACT, INC.; HANSEN & ADKINS AUTO TRANSPORT,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>EMORY LEE YOUNG an individual,<br><br>　　　　Defendant. | Case No. 3:06CV645-DRB<br><br>Formerly Russell County Circuit Court Case No: CV-06-224<br><br>JURY DEMAND |

## ANSWER

COMES NOW Defendant Emory Lee Young, and in response to the Plaintiff's Complaint makes the defenses set forth below:

### FIRST DEFENSE

1. Defendant states that by information and belief the allegations of paragraph 1 of the Complaint are true.

2. Defendant states that by information and belief the allegations of paragraph 2 of the Complaint are true.

3. Defendant states that by information and belief the allegations of paragraph 3 of the Complaint are true.

4. Defendant states that by information and belief the allegations of paragraph 4 of the Complaint are true.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint, but denies that the allegations of paragraph 6 are material or admissible in this action.

7. Paragraph 7 of the Complaint requires no response.

8. Defendant states that, by information and belief, on July 15, 2004, James John was driving a tractor trailer. Defendant is without information to admit or deny the remaining allegations of paragraph 8 of the Complaint.

9. Defendant is without information to admit or deny the allegations of paragraph 9 of the Complaint.

10. Defendant is without information to admit or deny the allegations of paragraph 10 of the Complaint.

11. Defendant states that, by information and belief, Mr. John collided into Louis Berry's tractor trailer as stated in paragraph 11 of the Complaint.

12. Defendant admits he was involved in a motor vehicle accident with Mr. John on July 15, 2004 on U.S. Highway 80 in Russell County, Alabama. Defendant denies the remaining allegations of paragraph 12 of the Complaint and demands strict proof thereof.

13. Defendant admits the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant is without information to admit or deny the allegations of paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint requires no response.

17. Defendant denies the allegations of paragraph 17 of the Complaint and demands strict proof thereof.

18. Defendant admits he had a duty to operate his vehicle in a safe manner and at a safe speed and distance behind vehicles in front of him, and Defendant fulfilled that duty at all times relevant to this case.

19. Defendant denies the allegations of paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations of paragraph 20 of the Complaint and demands strict proof thereof.

21. Defendant is without information to admit or deny the allegations of paragraph 21 of the Complaint.

## SECOND DEFENSE

Defendant denies each and every material allegation of the Complaint not expressly admitted herein, and demands strict proof thereof.

## THIRD DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the exclusivity provisions of the Workers' Compensation Act.

## FIFTH DEFENSE

Defendant alleges the Plaintiffs have released him from claims made in the Complaint.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, equitable estoppel, laches, unclean hands, consent, ratification and acquiescence.

## SEVENTH DEFENSE

Plaintiffs have not suffered any injury to their property by reason of any act or omission by this Defendant, and Plaintiffs do not have standing to assert the claims at issue.

## EIGHTH DEFENSE

The Complaint is vague, ambiguous and fails to plead with sufficient facts so as to allow Defendant to prepare an adequate response as required by the Alabama Rules of Civil Procedure.

## NINTH DEFENSE

To the extent that the injured party, Mr. James John, suffered any damages, such damages were caused by, and were the responsibility of persons, parties and/or entities other than the Defendant, namely Mr. John and the unidentified driver referenced in paragraph 9 of the Complaint.

## TENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

## ELEVENTH DEFENSE

Defendant denies that any wrongdoing on his part was the proximate cause of any injury or damage suffered by Mr. John, and Defendant asserts that there was an intervening cause.

## TWELFTH DEFENSE

Defendant affirmatively pleads the doctrine of unavoidable accident.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of judicial estoppel.

## FOURTEENTH DEFENSE

The Defendant affirmatively pleads the doctrine and defense of setoff. Defendant asserts and reserves her right to elect whether to inform the jury of any setoff amounts, or to allow the trial court to setoff from any judgment or verdict the appropriate setoff amount.

## FIFTEENTH DEFENSE

Defendant affirmatively pleads the doctrine of last clear chance.

## JURY DEMAND

**Please take notice that Defendant Emory Lee Young demands trial struck by a jury of his peers on all of the issues in this cause.**

Respectfully submitted this the 25th day of July, 2006.

_____
Joshua J. Jackson (JAC072)
Christopher J. Hughes (HUG031)
Attorneys for Defendant Emory Lee Young

OF COUNSEL:
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, AL 36803-2345
Telephone (334) 745-3504
Facsimile (334) 745-3506
jackson@samfordlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing document has been served on all of the Parties and Attorneys of record in the above-styled cause by First Class United States Mail, postage prepaid, on this the 25th day of July, 2006.

Michael S. Jackson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, AL  36102-1988

_____
OF COUNSEL