**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LUMBERMAN'S UNDERWRITING** | * | |
| **ALLIANCE and CAMBRIDGE** | * | |
| **INTEGRATED SERVICES GROUP, INC.** | * | |
| **as Subrogees of TRANSPORT LEASING/** | * | |
| **CONTRACT, INC.; HANSEN & ADKINS** | * | |
| **AUTO TRANSPORT,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **Civil Action No.3:06-CV-645-MEF** |
| | * | |
| **EMORY LEE YOUNG** | * | **Formerly Russell County Circuit** |
| **an individual,** | * | **Court Case No: CV-06-224** |
| | * | |
| **Defendants.** | * | |

**<u>MOTION FOR PROTECTIVE ORDER</u>**

COMES NOW the defendant, Emory Lee Young and respectfully moves this Court to enter a protective order to assist the parties in compliance with the requirements of HIPAA Privacy Rules, 45 C.F.R. § 164.512(e).  The standard language HIPAA Consent Order is attached hereto as Exhibit A.

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request that this Court enter a protective order expressly authorizing disclosure of protected health information by the parties and third parties to counsel for the parties.

Respectfully Submitted,


/s/   Joshua J. Jackson_____
Joshua J. Jackson (JAC072)

OF COUNSEL:
SAMFORD & DENSON, LLP
P. O. Box 2345
Opelika, Alabama 36803-2345
Phone: (334) 745-3504
Facsimile: (334) 745-3506

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 26, 2006 I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

Michael S. Jackson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, AL  36102-1988

/s/   Joshua J. Jackson_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LUMBERMAN'S UNDERWRITING ALLIANCE and CAMBRIDGE INTEGRATED SERVICES GROUP, INC. as Subrogees of TRANSPORT LEASING/ CONTRACT, INC.; HANSEN & ADKINS AUTO TRANSPORT, | * * * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | Civil Action No.3:06-CV-645-MEF |
| EMORY LEE YOUNG an individual, | * * * | Formerly Russell County Circuit Court Case No: CV-06-224 |
| Defendants. | * | |

**CONSENT HIPAA ORDER**

Upon compliance with Alabama and federal law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefor, relating to **James John; DOB:  10/20/1938**.  This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama and Federal law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  Subject to the applicable provisions of Alabama and federal law pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any healthcare providers, health plan administrators, or other individuals in connection with the aforesaid mentioned health information and payments thereof (such information collectively referred to hereafter as "protected health information").  Such healthcare provider, health plan administrator, or other individual may grant or deny a request for an interview.

**This Court authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protect Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be constructed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for

- 3 -

the period that such retention is required by Alabama insurance laws and the Alabama State Bar

rules and regulations.

DONE and ORDERED this_____ day of_____, 2006.

_____
MARK E. FULLER
CHIEF UNITED STATES DISTRICT JUDGE

cc:

Michael S. Jackson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, AL  36102-1988