IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **LUMBERMAN'S UNDERWRITING ALLIANCE and CAMBRIDGE INTEGRATED SERVICES GROUP, INC., as Subrogees of TRANSPORT LEASING/CONTRACT, INC.; HANSEN & ADKINS AUTO TRANSPORT,** | * * * * * * * * | |
| Plaintiffs, | * * | 3:06-CV-645-MEF |
| vs. | * * | |
| **EMORY LEE YOUNG** an individual, | * * * | **Formerly Russell County Circuit Court Case No.: CV-06-224** |
| Defendant. | * | |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND TO ADD A PARTY

COME NOW Plaintiffs, Lumberman's Underwriting Alliance and Cambridge Integrated Services Group, Inc., as Subrogees of Transport Leasing/Contract, Inc.; Hansen & Adkins Auto Transport (hereinafter "Plaintiffs") and pursuant to *Fed. R. Civ. P.* 15(a), submits the following Motion For Leave to Amend to Add A Party:

1) Plaintiffs filed this action in the Circuit Court of Russell County, Alabama (CV-06-224) on June 22, 2006.  (Exhibit "A").

2) Plaintiffs' Complaint alleges negligence on the part of Defendant Emory Young as a result of a four-car pile up that left James John severely injured.

3) Defendant Young removed this action to The United States District Court for the Middle District of Alabama, Eastern Division, on July 20, 2006.

4) Pursuant to *Fed. R. Civ. P.* 16(b), Judge Fuller entered a Scheduling Order.

5) The Scheduling Order set November 10, 2006, as the cut off date for amendments to the pleadings or to add parties.

6) Defendant Young exchanged discovery with Plaintiffs on or about December 20, 2006. Among those items included in the discovery was a report from the Russell County Sheriff's Office.

7) Upon review of the report from the Russell County Sheriff's Office, Plaintiffs determined that John Berry may be partially or completely liable for the damages sustained by James John.

8) Plaintiffs now seek to amend their Complaint to include Louis Barry as a defendant in this matter (a copy of the proposed Amended Complaint is attached hereto as Exhibit "B").

9) Pursuant to *Fed. R. Civ. P.* 15(a), leave to amend "shall be freely given when justice so requires." Here, the amendment is not a result of "undue delay, bad faith, or a dilatory motive," and Louis Berry will not be prejudiced by the amendment as this case is still in its infancy. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

10) This Motion is not opposed by Defendant Young.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Court allow Plaintiffs to add Louis Barry as a party in this matter.

   /s/   Ryan Wesley Shaw

**MICHEAL S. JACKSON [ASB-8173-078M]**
**RYAN WESLEY SHAW [ASB-2475-Y83S]**
**Attorneys for Plaintiffs**

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON,
  PATTY, VAN HEEST & FAWAL, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
(334) 834-5311     Phone
(334) 834-5362     Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on January 23, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joshua J. Jackson, Esq.
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, Alabama 36803-2345

                          /s/  Ryan Wesley Shaw
                          **OF COUNSEL**

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| **LUMBERMAN'S UNDERWRITING ALLIANCE and CAMBRIDGE INTEGRATED SERVICES GROUP, INC., as Subrogees of TRANSPORT LEASING/CONTRACT INC.; HANSEN & ADKINS AUTO TRANSPORT,** <br><br> Plaintiffs, <br><br> vs. <br><br> **EMORY LEE YOUNG,** an individual, <br><br> Defendant. | CASE NO.: CV-06-224 |

## COMPLAINT

**NOW COME** the Plaintiffs, Lumberman's Underwriting Alliance ("LUA") and Cambridge Integrated Services Group, Inc.("Cambridge"), as Subrogees of Transport Leasing/Contract, Inc., ("TLC") and Hansen & Adkins Auto Transport ("HAAT") and makes the following Complaint against the Defendant.

## PARTIES

1) LUA is, upon information and belief, a corporation incorporated under the laws of the State of Missouri and qualified to do business in the State of Alabama.

2) Cambridge is, upon information and belief, a corporation incorporated under the laws of the State of Pennsylvania and qualified to do business in the State of Alabama.

3) TLC is, upon information and belief, a corporation incorporated under the laws of the


EXHIBIT A

State of Indiana and qualified to do business in the State of Alabama.

4)   HAAT is, upon information and belief, a Duval County, Florida-based company based out of Los Angeles County, California.

5)   Emory Lee Young ("Young") is a resident of Muscogee County, Georgia and over nineteen years of age.

6)   Young was insured by Geico at the time of the incident made the basis of this Complaint.

## FACTS

7)   Plaintiff relleges, reavers, and adopts by reference as if set out fully herein paragraphs 1-6 of the Complaint.

8)   On or about July 15, 2004, James John, ("John"), was driving a tractor trailer as an employee of TLC that had a lease contract with HAAT.

9)   While traveling through Russell County on US 80, John approached the intersection with Goble Road when an unidentified driver one vehicle ahead of him made a sudden left turn.

10)   This sudden left turn caused Louis Berry (the driver of the tractor trailer in front of John) to quickly apply his brakes.

11)   As Louis Berry's tractor trailer stopped, John, although following a safe distance behind Berry, began to fishtail and was unable to avoid contact with Berry's tractor trailer.

12)   John's vehicle was then struck from behind by Defendant Young's vehicle.

13)   Defendant Young's vehicle, after making contact with John's tractor trailer, was then struck from behind by a vehicle driven by Loni Anglin.

2

14) As a result of Defendant Young's collision with the rear of John's tractor trailer, John was caused to suffer a fractured pelvis, contusions, and various other injuries associated with the violent impact.

15) The insurance carriers for John's employers paid John's medical bills and other expenses related to the incident made the basis of this lawsuit totaling $141,424.05.

## COUNT ONE

### (Negligence)

16) Plaintiff relleges, reavers, and adopts by reference as if set out fully herein paragraphs 1-15 of the Complaint.

17) Defendant Young was negligent in the operation of his motor vehicle and as a result caused injury to John.

18) Defendant Young had a duty to operate his vehicle in a safe manner, at a safe speed and distance behind John.

19) Defendant Young breached this duty and thus, when the initial accident occurred, was unable to stop from colliding with and further injuring John.

20) John was injured, in part or wholly, by the Defendant's negligence in the form of a fractured pelvis, contusions, and various other injuries associated with the incident made the basis of this lawsuit.

21) Plaintiff expended $141.424.05 as a result of reasonable and necessary medical expenses as a result of the injury to John.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendants and in favor of the

3

Plaintiffs in the amount of $141,424.05.

### CONCLUSION

As a result of the Defendant Young's negligent operation of a motor vehicle, John was caused to suffer injury and Plaintiffs HAAT and TLC to pay for John's medical and other related expenses. The Plaintiff respectfully request a judgment against the Defendants in the amount of $141,424.05

**RESPECTFULLY SUBMITTED** this the 21st day of June, 2006.

_____
**MICHEAL S. JACKSON [JAC015]**
**RYAN WESLEY SHAW [SHA071]**
**Attorneys for Plaintiffs**

**OF COUNSEL**:

BEERS, ANDERSON, JACKSON,
  PATTY & VAN HEEST, P.C.
250 Commerce Street
P.O. Box 1988
Montgomery, AL 36102-1988
Telephone:   334-834-5311
Facsimile:    334-834-5362

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LUMBERMAN'S UNDERWRITING ALLIANCE and CAMBRIDGE INTEGRATED SERVICES GROUP, INC., as Subrogees of TRANSPORT LEASING/CONTRACT, INC.; HANSEN & ADKINS AUTO TRANSPORT, | * * * * * * * * | |
| Plaintiffs, | * * | 3:06-CV-645-MEF |
| vs. | * * | |
| EMORY LEE YOUNG an individual; LOUIS BERRY, an individual | * * * * | Formerly Russell County Circuit Court Case No.: CV-06-224 |
| Defendants. | * | |

## PLAINTIFFS' AMENDED COMPLAINT

**NOW COME** the Plaintiffs, Lumberman's Underwriting Alliance ("LUA") and Cambridge Integrated Services Group, Inc.("Cambridge"), as Subrogees of Transport Leasing/Contract, Inc., ("TLC") and Hansen & Adkins Auto Transport ("HAAT") and makes the following Amended Complaint against the Defendants.

### PARTIES

1) LUA is, upon information and belief, a corporation incorporated under the laws of the State of Missouri and qualified to do business in the State of Alabama.

2) Cambridge is, upon information and belief, a corporation incorporated under the laws of the State of Pennsylvania and qualified to do business in the State of Alabama.



3) TLC is, upon information and belief, a corporation incorporated under the laws of the State of Indiana and qualified to do business in the State of Alabama.

4) HAAT is, upon information and belief, a Duval County, Florida-based company based out of Los Angeles County, California.

5) Emory Lee Young ("Young") is a resident of Muscogee County, Georgia and over nineteen years of age.

6) Young was insured by Geico at the time of the incident made the basis of this Complaint.

7) Louis Berry ("Berry") is a resident of Saluda County, South Carolina and over nineteen years of age.

8) Berry's employer, Mercer Transportation Co., Inc., was insured by Continental Casualty Company at the time of the incident made the basis of this Complaint.

**FACTS**

9) Plaintiffs reallege, reaver, and adopt by reference as if set out fully herein paragraphs 1-8 of the Complaint.

10) On or about July 15, 2004, James John, ("John"), was driving a tractor trailer as an employee of TLC that had a lease contract with HAAT.

11) While traveling through Russell County on US 80, John was approaching the intersection with Goble Road when Berry (in the truck ahead of John) quickly applied his breaks and came to a sudden stop.

12) Upon information and belief, Berry came to a complete stop when he witnessed a woman walking along US 80 wearing short shorts.

13) As Berry's tractor trailer stopped, John, although following a safe distance behind Berry, began to fishtail and was unable to avoid contact with Berry's tractor trailer.

14) John's vehicle was then struck from behind by Young's vehicle.

15) Young's vehicle, after making contact with John's tractor trailer, was then struck from behind by a vehicle driven by Loni Anglin.

16) As a result of his collision with Berry or Young's collision with the rear of John's tractor trailer, John was caused to suffer a fractured pelvis, contusions, and various other injuries associated with the violent impact.

17) The insurance carriers for John's employers paid John's medical bills and other expenses related to the incident made the basis of this lawsuit totaling $141,424.05.

## COUNT ONE

### (Negligence)

18) Plaintiffs reallege, reaver, and adopt by reference as if set out fully herein paragraphs 1-17 of the Complaint.

19) Berry and Young were negligent in the operation of their motor vehicles and as a result caused injury to John.

20) Berry and had a duty to operate his vehicle in a safe manner, at a safe speed, and a safe distance ahead of John.

21) Young had a duty to operate his vehicle in a safe manner, at a safe speed and distance behind John.

22) Berry breached this duty and thus, when he applied his breaks quickly, John was unable to avoid colliding with his vehicle which caused injury to John.

23)    Young breached this duty and thus, when the initial accident occurred, was unable to stop from colliding with and further injuring John.

24)    John was injured, in part or wholly, by the Defendants' negligence in the form of a fractured pelvis, contusions, and various other injuries associated with the incident made the basis of this lawsuit.

25)    Plaintiffs expended $141.424.05 as a result of reasonable and necessary medical expenses as a result of the injury to John.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendants and in favor of the Plaintiffs in the amount of $141,424.05.

## CONCLUSION

As a result of Berry and Youngs' negligent operation of their motor vehicles, John was caused to suffer injury and Plaintiffs HAAT and TLC to pay for John's medical and other related expenses. The Plaintiffs respectfully request a judgment against the Defendants in the amount of $141,424.05

**RESPECTFULLY SUBMITTED** this the 23rd day of January, 2007.

  /s/   Ryan Wesley Shaw
**MICHEAL S. JACKSON [ASB-8173-078M]**
**RYAN WESLEY SHAW [ASB-2475-Y83S]**
**Attorneys for Plaintiffs**

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON,
  PATTY, VAN HEEST & FAWAL, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
(334) 834-5311       Phone
(334) 834-5362       Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joshua J. Jackson, Esq.
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, Alabama 36803-2345

                                                                            /s/ Ryan Wesley Shaw
                                                                            **OF COUNSEL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LUMBERMAN'S UNDERWRITING ALLIANCE and CAMBRIDGE INTEGRATED SERVICES GROUP, INC., as Subrogees of TRANSPORT LEASING/CONTRACT, INC.; HANSEN & ADKINS AUTO TRANSPORT,** | * * * * * * * * | |
| **Plaintiffs,** | * * | **3:06-CV-645-MEF** |
| vs. | * * | |
| **EMORY LEE YOUNG an individual; LOUIS BERRY, an individual** | * * * * | **Formerly Russell County Circuit Court Case No.: CV-06-224** |
| **Defendants.** | * | |

## PLAINTIFFS' AMENDED COMPLAINT

**NOW COME** the Plaintiffs, Lumberman's Underwriting Alliance ("LUA") and Cambridge Integrated Services Group, Inc.("Cambridge"), as Subrogees of Transport Leasing/Contract, Inc., ("TLC") and Hansen & Adkins Auto Transport ("HAAT") and makes the following Amended Complaint against the Defendants.

## PARTIES

1)   LUA is, upon information and belief, a corporation incorporated under the laws of the State of Missouri and qualified to do business in the State of Alabama.

2)   Cambridge is, upon information and belief, a corporation incorporated under the laws of the State of Pennsylvania and qualified to do business in the State of Alabama.

3)     TLC is, upon information and belief, a corporation incorporated under the laws of the State of Indiana and qualified to do business in the State of Alabama.

4)     HAAT is, upon information and belief, a Duval County, Florida-based company based out of Los Angeles County, California.

5)     Emory Lee Young ("Young") is a resident of Muscogee County, Georgia and over nineteen years of age.

6)     Young was insured by Geico at the time of the incident made the basis of this Complaint.

7)     Louis Berry ("Berry") is a resident of Saluda County, South Carolina and over nineteen years of age.

8)     Berry's employer, Mercer Transportation Co., Inc., was insured by Continental Casualty Company at the time of the incident made the basis of this Complaint.

**FACTS**

9)     Plaintiffs reallege, reaver, and adopt by reference as if set out fully herein paragraphs 1-8 of the Complaint.

10)    On or about July 15, 2004, James John, ("John"), was driving a tractor trailer as an employee of TLC that had a lease contract with HAAT.

11)    While traveling through Russell County on US 80, John was approaching the intersection with Goble Road when Berry (in the truck ahead of John) quickly applied his breaks and came to a sudden stop.

12)    Upon information and belief, Berry came to a complete stop when he witnessed a woman walking along US 80 wearing short shorts.

13) As Berry's tractor trailer stopped, John, although following a safe distance behind Berry, began to fishtail and was unable to avoid contact with Berry's tractor trailer.

14) John's vehicle was then struck from behind by Young's vehicle.

15) Young's vehicle, after making contact with John's tractor trailer, was then struck from behind by a vehicle driven by Loni Anglin.

16) As a result of his collision with Berry or Young's collision with the rear of John's tractor trailer, John was caused to suffer a fractured pelvis, contusions, and various other injuries associated with the violent impact.

17) The insurance carriers for John's employers paid John's medical bills and other expenses related to the incident made the basis of this lawsuit totaling $141,424.05.

## COUNT ONE

### (Negligence)

18) Plaintiffs reallege, reaver, and adopt by reference as if set out fully herein paragraphs 1-17 of the Complaint.

19) Berry and Young were negligent in the operation of their motor vehicles and as a result caused injury to John.

20) Berry and had a duty to operate his vehicle in a safe manner, at a safe speed, and a safe distance ahead of John.

21) Young had a duty to operate his vehicle in a safe manner, at a safe speed and distance behind John.

22) Berry breached this duty and thus, when he applied his breaks quickly, John was unable to avoid colliding with his vehicle which caused injury to John.

23) Young breached this duty and thus, when the initial accident occurred, was unable to stop from colliding with and further injuring John.

24) John was injured, in part or wholly, by the Defendants' negligence in the form of a fractured pelvis, contusions, and various other injuries associated with the incident made the basis of this lawsuit.

25) Plaintiffs expended $141.424.05 as a result of reasonable and necessary medical expenses as a result of the injury to John.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendants and in favor of the Plaintiffs in the amount of $141,424.05.

## CONCLUSION

As a result of Berry and Youngs' negligent operation of their motor vehicles, John was caused to suffer injury and Plaintiffs HAAT and TLC to pay for John's medical and other related expenses. The Plaintiffs respectfully request a judgment against the Defendants in the amount of $141,424.05

**RESPECTFULLY SUBMITTED** this the 23rd day of January, 2007.

   /s/   Ryan Wesley Shaw
**MICHEAL S. JACKSON [ASB-8173-078M]**
**RYAN WESLEY SHAW [ASB-2475-Y83S]**
**Attorneys for Plaintiffs**

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON,
  PATTY, VAN HEEST & FAWAL, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
(334) 834-5311     Phone
(334) 834-5362     Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joshua J. Jackson, Esq.
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, Alabama 36803-2345

                                           /s/ Ryan Wesley Shaw
                                           **OF COUNSEL**