IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **LUMBERMAN'S UNDERWRITING ALLIANCE and CAMBRIDGE INTEGRATED SERVICES GROUP, INC., as Subrogees of TRANSPORT LEASING/CONTRACT, INC.; HANSEN & ADKINS AUTO TRANSPORT,** | * * * * * * * * | |
| Plaintiffs, | * * | 3:06-CV-645-MEF |
| vs. | * * | |
| **EMORY LEE YOUNG** an individual; **LOUIS BERRY,** an individual | * * * * | **Formerly Russell County Circuit Court Case No.: CV-06-224** |
| Defendants. | * | |

## PLAINTIFFS' AMENDED COMPLAINT

**NOW COME** the Plaintiffs, Lumberman's Underwriting Alliance ("LUA") and Cambridge Integrated Services Group, Inc. ("Cambridge"), as Subrogees of Transport Leasing/Contract, Inc., ("TLC") and Hansen & Adkins Auto Transport ("HAAT") and makes the following Amended Complaint against the Defendants.

## PARTIES

1)  LUA is, upon information and belief, a corporation incorporated under the laws of the State of Missouri and qualified to do business in the State of Alabama.

2)  Cambridge is, upon information and belief, a corporation incorporated under the laws of the State of Pennsylvania and qualified to do business in the State of Alabama.

3)	TLC is, upon information and belief, a corporation incorporated under the laws of the State of Indiana and qualified to do business in the State of Alabama.

4)	HAAT is, upon information and belief, a Duval County, Florida-based company based out of Los Angeles County, California.

5)	Emory Lee Young ("Young") is a resident of Muscogee County, Georgia and over nineteen years of age.

6)	Young was insured by Geico at the time of the incident made the basis of this Complaint.

7)	Louis Berry ("Berry") is a resident of Saluda County, South Carolina and over nineteen years of age.

8)	Berry's employer, Mercer Transportation Co., Inc., was insured by Continental Casualty Company at the time of the incident made the basis of this Complaint.

**FACTS**

9)	Plaintiffs reallege, reaver, and adopt by reference as if set out fully herein paragraphs 1-8 of the Complaint.

10)	On or about July 15, 2004, James John, ("John"), was driving a tractor trailer as an employee of TLC that had a lease contract with HAAT.

11)	While traveling through Russell County on US 80, John was approaching the intersection with Goble Road when Berry (in the truck ahead of John) quickly applied his breaks and came to a sudden stop.

12)	Upon information and belief, Berry came to a complete stop when he witnessed a woman walking along US 80 wearing short shorts.

13) As Berry's tractor trailer stopped, John, although following a safe distance behind Berry, began to fishtail and was unable to avoid contact with Berry's tractor trailer.

14) John's vehicle was then struck from behind by Young's vehicle.

15) Young's vehicle, after making contact with John's tractor trailer, was then struck from behind by a vehicle driven by Loni Anglin.

16) As a result of his collision with Berry or Young's collision with the rear of John's tractor trailer, John was caused to suffer a fractured pelvis, contusions, and various other injuries associated with the violent impact.

17) The insurance carriers for John's employers paid John's medical bills and other expenses related to the incident made the basis of this lawsuit totaling $141,424.05.

## COUNT ONE

### (Negligence)

18) Plaintiffs reallege, reaver, and adopt by reference as if set out fully herein paragraphs 1-17 of the Complaint.

19) Berry and Young were negligent in the operation of their motor vehicles and as a result caused injury to John.

20) Berry had a duty to operate his vehicle in a safe manner, at a safe speed, and a safe distance ahead of John.

21) Young had a duty to operate his vehicle in a safe manner, at a safe speed and distance behind John.

22) Berry breached this duty and thus, when he applied his breaks quickly, John was unable to avoid colliding with his vehicle which caused injury to John.

23)     Young breached this duty and thus, when the initial accident occurred, was unable to stop from colliding with and further injuring John.

24)     John was injured, in part or wholly, by the Defendants' negligence in the form of a fractured pelvis, contusions, and various other injuries associated with the incident made the basis of this lawsuit.

25)     Plaintiffs expended $141.424.05 as a result of reasonable and necessary medical expenses as a result of the injury to John.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendants and in favor of the Plaintiffs in the amount of $141,424.05.

## CONCLUSION

As a result of Berry and Youngs' negligent operation of their motor vehicles, John was caused to suffer injury and Plaintiffs HAAT and TLC to pay for John's medical and other related expenses. The Plaintiffs respectfully request a judgment against the Defendants in the amount of $141,424.05

**RESPECTFULLY SUBMITTED** this the 2nd day of February, 2007.

　　　　　　　　　　　　　　　　　　　　　　/s/   Ryan Wesley Shaw
　　　　　　　　　　　　　　　　　　　　　　**MICHEAL S. JACKSON [ASB-8173-078M]**
　　　　　　　　　　　　　　　　　　　　　　**RYAN WESLEY SHAW [ASB-2475-Y83S]**
　　　　　　　　　　　　　　　　　　　　　　**Attorneys for Plaintiffs**

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON,
  PATTY, VAN HEEST & FAWAL, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
(334) 834-5311      Phone
(334) 834-5362      Facsimile


**SERVED UPON DEFENDANT LOUIS BERRY VIA CERTIFIED MAIL,
PURSUANT TO Fed. R. Civ. P. 4.5(e)2 as follows:**

**Louis Berry
515 Bethany Schoolhouse Rd.
Saluda, SC 29138**

**Louis Berry
RR 1 Box 178
Saluda, SC 29138**


**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joshua J. Jackson, Esq.
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, Alabama 36803-2345

                                                /s/   Ryan Wesley Shaw
                                                **OF COUNSEL**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lumbermen's Underwriting Alliance, et al.

**DEFENDANTS**
Emory Lee Young, et al.

(b) County of Residence of First Listed Plaintiff: Jefferson Co., MO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Muscogee Co., GA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Micheal S. Jackson, Esq.   P.O. Box 1988
Ryan Wesley Shaw, Esq.    Montgomery, AL 36102   (334) 834-5311

Attorneys (If Known)
Christopher J. Hughes, Esq.   P.O. Box 2345
Joshua J. Jackson, Esq.       Opelika, AL 36803

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY (cont.)**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Motor Vehicle Accident/Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 141,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Mark E. Fuller
DOCKET NUMBER 3:06-cv-00645-MEF-TFM

DATE 2/2/2007
SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

◊AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

_____

V.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                                                                               DATE

_____
(By) DEPUTY CLERK

&AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
　　　　　　　　　　　Date　　　　　　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.