## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| | * | |
| **LUMBERMAN'S UNDERWRITING** | * | |
| **ALLIANCE and CAMBRIDGE** | * | |
| **INTEGRATED SERVICES GROUP,** | * | |
| **INC., as Subrogees of TRANSPORT** | * | |
| **LEASING/CONTRACT, INC.;** | * | |
| **HANSEN & ADKINS AUTO** | * | |
| **TRANSPORT,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **3:06-CV-645-MEF** |
| **vs.** | * | |
| | * | |
| **EMORY LEE YOUNG** | * | |
| **an individual,** | * | **Formerly Russell County** |
| | * | **Circuit Court Case No.:** |
| | * | **CV-06-224** |
| **Defendant.** | * | |

## PLAINTIFFS' RESPONSE TO DEFENDANT BERRY'S MOTION TO DISMISS

COME NOW Plaintiffs, Lumberman's Underwriting Alliance and Cambridge

Integrated Services Group, Inc., as Subrogees of Transport Leasing/Contract, Inc.;

Hansen & Adkins Auto Transport ("Plaintiffs" or "Lumberman's") and in response

to Defendant Louis Berry's ("Defendant" or "Berry") Motion to Dismiss submit the

following:

## STATEMENT OF THE CASE

Lumberman's filed this action in the Circuit Court of Russell County, Alabama (CV-06-224) on June 22, 2006. The original Complaint alleges negligence on the part of Defendant Emory Young as a result of a four-car pile up that left James John severely injured. Defendant Young removed this action to The United States District Court for the Middle District of Alabama, Eastern Division, on July 20, 2006. Pursuant to *Fed. R. Civ. P.* 16(b), Judge Fuller entered a Scheduling Order.

The Scheduling Order set November 10, 2006, as the cut off date for amendments to the pleadings or to add parties. Defendant Young exchanged discovery with Plaintiffs on or about December 20, 2006. Based on information obtained during discovery, Plaintiffs filed a Motion for Leave to Amend to Add a Party on January 23, 2007. Judge Fuller conducted a status conference with Plaintiffs' counsel and Defendant Young's attorney wherein Plaintiffs' Motion for Leave to Amend to Add a Party was heard. Plaintiffs' Motion was granted on February 2, 2007. Once granted, Plaintiffs filed an Amended Complaint on February 2, 2007. Defendant Berry was served on February 7, 2007. Defendant Berry had 20 days (February 27, 2007) to respond to Plaintiffs' Amended Complaint. *See*, FED. R. CIV. P. 12(a)(1)(A). Defendant Berry did not respond to the Amended Complaint within 20 days. Defendant Berry filed a Motion to Dismiss with this Court on March 1, 2007.

## STATEMENT OF FACTS

On July 15, 2004, James John, ("John"), was driving a tractor trailer as an employee of Transport/Leasing Contract which had a lease contract with Hansen & Adkins Auto Transport.  While traveling through Russell County, Alabama, on US 80 East, John was approaching the intersection with Goble Road when Berry (in the truck ahead of John and also driving a tractor trailer) suddenly applied his breaks and came to a complete stop.  *See*, Exhibit "A."  As Berry's tractor trailer stopped suddenly, John, although following a safe distance behind Berry, began to fishtail and was unable to avoid contact with Berry's tractor trailer.  *Id*.  John's vehicle was then struck from behind by Young's vehicle which was following too closely.  *Id*.  Young's vehicle, after making contact with John's tractor trailer, was then struck from behind by a vehicle driven by Loni Anglin.  *Id*.  As a result of his collision with Berry or Young's collision with the rear of John's tractor trailer, John was caused to suffer a fractured pelvis, contusions, and various other injuries associated with the violent impact.  The insurance carriers for John's employers paid John's medical bills and other expenses related to the incident made the basis of this lawsuit now totaling $141,424.05.  *See*, Plaintiffs' Amended Complaint.

Typically, when a traffic accident occurs, the State Trooper on the scene fills out an accident report.  State Trooper Obregon was the responding Trooper to this accident, and his report indicates that Berry had to make a sudden stop as a result of

an unknown vehicle ahead of him that put on its left turn signal just prior to reaching the Goble Road intersection. *See*, Exhibit "A." According to the State Trooper's report, as a result of this phantom driver, Berry was forced to come to a sudden stop to avoid a collision. Plaintiffs were only aware of State Trooper Obregon's report at the time the lawsuit was filed in Russell County, Alabama (CV-06-224). Although Russell County Sheriff's Deputies were on the scene, they typically just direct traffic while the State Trooper investigates. Exhibit "B," Deposition of Trooper Obregon, pg. 41:1-13.

It was not until the discovery phase of this lawsuit began that Plaintiffs realized Berry was also an at-fault driver. Among those items included in the discovery was a report from the Russell County Sheriff's Office. Exhibit "C." Upon review of the report from the Russell County Sheriff's Office, Plaintiffs determined that Berry may be partially or completely liable for the damages sustained by James John. The Russell County Sheriff's report indicates that Berry came to a sudden and complete stop when he witnessed a woman walking along US 80 wearing short shorts, and not due to a phantom driver as reported to the State Trooper. It was not until his deposition that State Trooper Obregon recalled Louis Berry mentioning a woman wearing shorts traveling US 80 eastbound. Exhibit "B," Deposition of Trooper Obregon, pg. 33:13-25; 34:1-10.

Lumberman's filed its initial suit in Russell County and relied on the State

Trooper's report when filing suit against at-fault parties. It was not until the discovery phase of this matter that it became evident that Berry, too, was at fault due to his negligent operation of a motor vehicle. The Amended Complaint filed against Berry relates back to the original incident and he was properly amended into this action.

## ARGUMENT

## I.    DEFENDANT BERRY WAS PROPERLY ADDED AS A DEFENDANT

Lumberman's Amended Complaint claims that Berry negligently operated his vehicle and in doing so injured James John. *See*, Plaintiffs' Amended Complaint. Negligence is codified at ALA. CODE § 6-2-38(i) (1975). Lumberman's' claims are all state law claims and federal jurisdiction is based on diversity of citizenship with Defendant Emory Young (a resident of Georgia). Alabama provides the applicable statute of limitations in this case, and therefore, Alabama law governing relation back of amendments must be utilized. *See*, *Saxton v. ACF Indus., Inc*., 254 F.3d 959, 964 (11th Cir. 2001). ALA CODE § 6-2-38(i) (1975) does not itself provide for the relation back of amendments, thus we must look to ALA. R. CIV. P. 15(c), specifically subsection (3), as Plaintiffs did not plead fictitious parties. ALA. R. CIV. P. 15(c)(3) provides in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when
>
> *          *          *

(2)    the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or

(3)    the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or

*        *        *

This claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading. The original pleading references a four-car traffic accident that occurred on U.S. 80 in Russell County, Alabama, on July 15, 2004. The Amended Complaint is based on the same accident and simply includes Louis Berry as an additional negligent party.

The 120 day's notice requirement in ALA. R. CIV. P. 15(c)(3) is a reference to the time limits for service found in ALA. R. CIV. P. 4(b). Rule 4, ALA. R. CIV. P., was amended in August of 2004 to include subdivision (b). *See*, Committee Comments to ALA. R. CIV. P. 4. Subdivision (b) was "new to Alabama. It is borrowed from Fed.

R. Civ. P. 4(m)." *Id*. There is no Alabama state case law construing ALA. R. CIV. P. 4(b) that is relevant to the issues presented to this Court. *See*, *Moffett v. Stevenson*, 909 So.2d 824, 826 (Ala. Civ. App. 2005). Where there is no clear case law on point, "[c]ases interpreting the Federal Rules of Civil Procedure are authority in the construction of the Alabama Rules of Civil Procedure." *Bracy v. Sippial Elec. Co., Inc.*, 379 So.2d 582, 584 (Ala. 1980).

Federal Courts have interpreted FED. R. CIV. P. 4(m) (again, the equivalent of ALA. R. CIV. P. 4(b)) and determined that the 120 days deadline is not static. *See*, *Lepone-Dempsy v. Carroll County Comm'rs*, 2007 WL 286850 at *2 (11th Cir.2007). Rather, there are two ways in which a plaintiff can extend the date for service upon a defendant: upon his own motion or by motion of the court. If the plaintiff shows good cause for the failure to serve a defendant within 120 days of filing the original complaint, the court can extend the time for service. FED. R. CIV. P. 4(m). Good cause exists "only when some outside factor [,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsy*, 2007 WL 286850 at * 2 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) ((discussing "good cause" under former Rule 4(j), superceded in part by rule as stated in *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 n. 2.(11th Cir. 2005)).

Here, the outside factor was State Trooper Obregon's accident report. The accident report produced by Trooper Obregon differs greatly from the one produced

by Russell County Sheriff's Deputy Kirby Threat. State Trooper Obregon's report indicates a phantom vehicle made an immediate left turn in front of Louis Berry causing him to slam on his breaks to avoid collision. Sheriff's Deputy Threat's version of events, as told by Louis Berry, is quite different than the report made by State Trooper Obregon. Deputy Threat indicates that the reason Berry stopped so suddenly was because a woman wearing shorts grabbed his attention as she walked down US 80 eastbound. There is no mention of a phantom vehicle driving wildly that necessitated Berry to act defensively to avoid collision. It was reasonable for Plaintiffs to assume that State Trooper Obregon's report was the only report in existence as typically, the Sheriff's Department's only role in a traffic accident is to direct the flow of traffic. *See*, Exhibit "B," Deposition of Trooper Obregon, pg. 41:1-13.

A district court can extend the time for service even if the plaintiffs fail to show good cause. *See*, *Horenkamp*. The *Horenkamp* Court, looking to the factors to be considered by a District Court Judge, pointed out that, according to the Advisory Committee Note to Rule 4(m), "relief may be justified, for example, if the applicable statute of limitations would bar the refiled action..." 402 F.3d 1129, 1132. Certainly, the refiling of this action to include Defendant Berry would now be barred by the statute of limitations.

Here, Plaintiffs filed a Motion for Leave to Amend to Add a Party on January

8

23, 2007. Judge Fuller then scheduled a conference call for all parties on February 2, 2007. Plaintiffs explained that they were misled by State Trooper Obregon's report, and that the new information provided a sufficient basis for granting an extension beyond the time limits set forth in ALA. R. CIV. P. 15(c) and his scheduling order. Based on the information provided to Judge Fuller, and for good cause shown, Plaintiffs' motion was granted and an Amended Complaint was filed on February 2, 2007. The time to file the Amended Complaint was extended implicitly as Judge Fuller granted the Motion to Amend to Add a Party after the scheduling order deadline, and "[t]rial judges are presumed to know the law and to apply it in making their decisions." *Burrell v. Bd. of Trustees of Georgia Military College*, 125 F.3d 1390, 1395 (11th Cir. 1997) (citing *Walton v. Arizona*, 497 U.S. 639, 653, 110 S.Ct. 3047, 3057, 111 L.Ed.2d 511 (1990)(overruled on other grounds, *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)).

Defendant Berry received notice of the institution of this action and he will not be prejudiced in maintaining a defense on the merits. "Notice of the action, not notice of the incident giving rise to the action is the crucial requirement." *Land v. Huffman Mfg. Co.*, 420 F.Supp. 459, 460-1 (M.D. Ala. 1976). On February 2, 2007, Judge Fuller granted leave to Amend to Add a Party after the expiration of the 120 day deadline as set forth in ALA. R. CIV. P. 15(c)(3). The Amended Complaint was filed the same day, and Berry was served with the Amended Complaint on February 7,

2007. Plaintiffs filed the Amended Complaint quickly, and Defendant Berry will not be prejudiced to the point of being unable to defend this action on the merits.

To date, Plaintiffs and Defendant Young are still in the process of exchanging discovery and have only taken the deposition of State Trooper Obregon. This case is still in its infancy as is the discovery process. Plaintiffs, upon its own initiative and the urging of the Court in its Order, will gladly provide Berry with a copy of all documents exchanged in this matter. Also, the deposition of Trooper Obregon is transcribed and available for viewing. At this point the depositions of James John, Emory Young, Kirby Threat and any other potential deponent have not commenced.

Berry knew or should have know that, but for a mistake of the proper party, this action would have been brought against him shortly after the accident and within the statute of limitations. Berry gave a statement to Russell County Sheriff's Deputy Kirby Threat that indicated he was distracted by a woman wearing short shorts while driving moments before and as the traffic accident was happening. However, the statement to Trooper Obregon omitted details regarding the woman wearing short shorts. Certainly, if Louis Berry admitted to Kirby Threat that he was distracted from driving and that caused the accident, he should have known that an action would have been brought against him.

Plaintiffs' Amended Complaint arose out of the same conduct set forth in the original Complaint. The Amended Complaint was timely served following the

extension of time for service of the Amended Complaint, and Defendant Berry has received notice of the institution of this action so as not to be prejudiced in maintaining a defense on the merits.  Based on his statements to Russell County Sheriff's Deputy Kirby Threat, Berry knew or should have known that but for a mistake concerning the identity of the proper party, this action would have been brought against him.  As evidenced by the argument above, Defendant Berry's assertion of statute of limitations, laches, waiver, and estoppel are without merit as well.  Therefore, Defendant Berry was properly added to this action, and the claim made in the Amended Complaint relates back to the original action.

**WHEREFORE**, Plaintiffs respectfully request that Defendant Louis Berry's Motion to Dismiss be denied.

    /s/   Ryan Wesley Shaw
**MICHEAL S. JACKSON [ASB-8173-078M]**
**RYAN WESLEY SHAW [ASB-2475-Y83S]**
**Attorneys for Plaintiffs**

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON,
  PATTY, VAN HEEST & FAWAL, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
(334) 834-5311     Phone
(334) 834-5362     Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 21, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joshua J. Jackson, Esq.
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, Alabama 36803-2345

Patrick Norris, Esq.
MCDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812


   /s/   Ryan Wesley Shaw       
**OF COUNSEL**

ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT

459-27
REV. 1/91

Other Full Name: JAMES JOSEPH JOHNS
7302 ROWLSTON ST., JACKSONVILLE, FL 32208   (904) 765-9411
10 20 1938   FL   NFL   J520-450-38-38-00

Place of Employment: HANSEN + ADKINS AUTO TRANSPORT, JACKSONVILLE, FL
Liability Insurance Co: LINCOLN GENERAL INS.   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

US 80   5008

Owner's Name: HANSEN + ADKINS AUTO TRANSPORT   266A MYRTLE AVE. SUITE 211   SIGNAL HILL   CA 90755
2FZHAZCV54N48455   CP 77608

STER   2004

Other/Pedestrian Full Name: EMORY LEE YOUNG   4327 TROY CT.   COLUMBUS, GA 31907   (706) 687-4208
10 13 1957   B   M   GA   252947642

Place of Employment: L+S SERVICES, COLUMBUS, GA
Liability Insurance Co: GEICO INS. CO.   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

US 80   200'S
MITS   GAL   4A3AJ46G0TE350523   AES 2048

Owner's Name: SAME

Towed By Whom: FAULKS WRECKER SVCE, PHENIX CITY, AL (201)   To Where: FAULKS, PHENIX CITY, AL
Towed By Whom: CLASSIC HAULER INC. COLUMBUS, GA (REG)   To Where: 4327 TROY CT. COLUMBUS, GA

PLAINTIFF'S EXHIBIT A

Hansen & Adkins
0000230

ACR.27
REV. 1/81

## ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT

| | | |
|---|---|---|
| Month **01** Day **15** Year **2004** | Time **229** | Day of Week M T W **M** T F S |

**On Street, Road or Highway:** US 80

**At Intersection of or Between (Node 1):** GOBLE RD   **And (Node 2):** NA

**LOCATION AND TIME**

### UNIT 1

**Driver's Full Name:** LORI C. ANGUIN   **Street Address:** 319 HUGULEY RD.   **City and State:** OPELIKA, AL

Month **10** Day **13** Year **1974**   Race **W** Sex **F** State **AL** Driver License No. **5853942**   **36804**   (334) 297-6264

**Place of Employment:** COWERT ENTERPRISES, OPELIKA, AL

**Liability Insurance Co.:** PROGRESSIVE   **Social Security No.:** 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

Year Model **2003** Make **MITS** Model **GAL** Type **UB**   V.I.N. **4A3AA46G93E189957**

**Owner's Name:** PAYLESS CAR SALES   **14633 MANCHESTER EXPY**   **COLUMBUS**   GA **31904**

**Towed By:** WEBSTER SVCE, COLUMBUS, GA (REQ)   **To Where:** BELLWOOD BODY WORKS, COLUMBUS, GA

Speed Limit **55** MPH   Est. Speed **55** MPH   **NONE**

### UNIT 2

**Driver's Full Name:** LOUIS BERRY   **Street Address:** 518 BETHANY SCHOOLHOUSE RD.   **City and State:** SALUDA, SC

Month **04** Day **03** Year **1946**   Race **W** Sex **M** State **SC** Driver License No. **001441471**   **29138-786** (864) 445-2694

**Place of Employment:** MERCER TRANSPORTATION CO, INC, LOUISVILLE, KY

**Liability Insurance Co.:** CONTINENTAL CASUALTY CO.   **Social Security No.:** 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

Year Model **2000** Make **PTRB** Model **379** Type **NA**   V.I.N. **1XP5DB9X54N523257**

**Owner's Name:** SAME

Speed Limit **55** MPH   Est. Speed **55** MPH   **NONE**

Hansen & Adkins

0000231

**SEATING**

| Unit 1 | 24 | | |
| | | | |

Other Involved Unit (Circle One)
12 - Pedestrian
13 - Rider of Domestic Animal
14 - Ridr. of Non-Motorized Vehicle
15 - Victim of Other Circumstances/
     Codes Not Applicable

Other Involved Safety Equipment

| Unit 2 | 41 | | |

Other Involved Unit (Circle One)
12 - Pedestrian
13 - Rider of Domestic Animal
14 - Ridr. of Non-Motorized Vehicle
15 - Victim of Other Circumstances/
     Codes Not Applicable

Other Involved Safety Equipment

CODES

**VICTIMS**

Name: James Joseph Johns  1302 Rowston St. Jacksonville, FL
| Unit | Seat | Inj | Safety | Age | Sex | Ejec | Tkn |
| 1 | 1 | A | 65 | M | N | A |

Columbus Medical Ctr.  Columbus GA          Taken By: C.A.R.E.

Name: NA

**CODES**

N - Killed
B - Bleeding/Absorption/Drowning
A - Visible or Carried from Scene
C - Not Visible—Not Pain/Torn

**NARRATIVE AND DIAGRAM**

(SEE SHEET THREE)

Officer's Opinion of What Happened: Unit 1 was EB on US90 behind Unit 4. Unit 2 was EB behind Unit 1. Unit 3 was EB behind Unit 2. Unit 4 was EB in front of Unit 1. Unit 4 came to a stop before the intersection of US90 and Gobler Rd. Unit 1 rearended Unit 4 on its attachment. Unit 2 rearended Unit 1 as it came to a stop. Unit 3 rearended Unit 2 as it collided with Unit 1. Unit 4 was slowing/stopping for a vehicle ahead that was turning left onto All American Drive. Driver 1 stated, he was EB on US 90, as he (See Sheet 2)

**ROADWAY ENVIRONMENT**

**INVESTIGATION**

| Time Police Notified | Time Police Arrived | Time EMS Arrived | Name of Photographer |
| 2:36 | 2:52 | 2:45 | NA |

Witness Full Name: NA

Witness Full Name: NA

Name of Investigating Officer: TPR. V.J. OBREGON   Officer ID: 1115   Agency ORI: RST 4300

Name of Other Investigating Officer at Scene: NA

Signature of Investigating Officer: [signature] 1115       Date: 07/18/2004

Hansen & Adkins

0000232

(SEE SHEET THREE)

Officer's Opinion of What Happened: TRAVELED HE LOOK INTO HIS REARVIEW MIRROR (LEFT) AND SAW 1 VEHICLE BEHIND, AS HE LOOKED BACK AHEAD HE HAD PERCEPTION ON UNIT 4 COMING TO A STOP BY HIS STOP LIGHTS. HE REACTED BY APPLYING BRAKES, HAVING PERCEPTION OF THE CLOSE DISTANCE BETWEEN HIMSELF AND UNIT 4 HE MANEUVERED TO AVOID COLLISION BY TURNING RIGHT TO TAKE UNIT 1 OFF ROAD. HAVING SUCH CLOSE DISTANCE RESULTED IN UNIT 1 COLLIDING WITH UNIT AS HE TURNED RIGHT. DRIVER 1 STATES HE WAS TRAVELING A SAFE DISTANCE FROM UNIT 4 BEFORE ACCIDENT. (SEE SUPPLEMENT)

Time Police Notified  2:36  AM
Time Police Arrived  2:52  PM
Time EMS Arrived  2:45  PM
Name of Photographer  NA

Witness Full Name  NA          Address          Telephone
Witness Full Name  NA          Address          Telephone

Name of Investigating Officer  TPR. V.J. OBREGON   Officer ID  1118   Agency ORI  AS54300

Name of Other Investigating Officer(s) at Scene  NA    Officer ID   Agency ORI

Signature of Investigating Officer:    1118    Date 07/18/2004

Hansen & Adkins

0000233

# ALABAMA
## UNIFORM TRAFFIC ACCIDENT REPORT

LOCAL CASE NO. _____

AST No. 34 Rev. 4/88

### SUPPLEMENTAL SHEET

SHEET **3** OF **5** SHEET(S)

| | | Unit No. | Seat Pos. | Injury Type | Age | Sex | Eject-ion | First Aid By |
|---|---|---|---|---|---|---|---|---|

**ADDITIONAL ACCIDENT VICTIMS**

| No. | | | |
|---|---|---|---|
| 3 | Name NA | Address | |
| | Taken to | Taken by | |
| 4 | Name | Address | |
| | Taken to | Taken by | |
| 5 | Name | Address | |
| | Taken to | Taken by | |
| 6 | Name | Address | |
| | Taken to | Taken by | |
| 7 | Name | Address | |
| | Taken to | Taken by | |
| 8 | Name | Address | |
| | Taken to | Taken by | |
| 9 | Name | Address | |
| | Taken to | Taken by | |
| 10 | Name | Address | |
| | Taken to | Taken by | |
| 11 | Name | Address | |
| | Taken to | Taken by | |
| 12 | Name | Address | |
| | Taken to | Taken by | |

**DESCRIBE WHAT HAPPENED (Refer to vehicles by number)** Driver 2 states, as he was EB he had perception of Unit 1, because Unit 1 had applied its brakes and was aware that trailer of Unit 1 started to fishtail. He reacted by applying brakes resulting in rearending Unit 1. Driver 2 states, he was 1 car length behind Unit 1. Driver 3 states, as she was EB she had perception of Unit 1 swerves to the right. Having such perception she reacted by applying brakes and kept Unit 3 ahead, resulting in collision with Unit 2. Driver 3 states, she was 2 car lengths behind Unit 2. Driver 4 states, as he was EB a vehicle ahead had turned its left turn signal on. He reacted by applying brakes. He looked back into the left rearview mirror and had perception of Unit 1 behind. He radioed on the C.B. channel 19 to inform Unit 1 of what was happening. As he came to a stop Unit 1 continued on, then Unit 1 attempted to brake and swerve right. Driver 4 states, that as he traveled Unit 1 had been behind him for awhile from the exit of I-85(N) in Macon County and that Unit 1 had been at a safe distance from him.

**ADDITIONAL NARRATIVE SPACE**

Hansen & Adkins

0000234

Case 3:06-cv-00045-MEF-TFM    Document 19-2    Filed 03/21/2007    Page 6 of 6



Hansen & Adkins
0000235

```
1              IN THE UNITED STATES DISTRICT COURT

2            FOR THE MIDDLE DISTRICT OF ALABAMA

3                     EASTERN DIVISION

4    LUMBERMEN'S UNDERWRITING ALLIANCE
     and CAMBRIDGE INTEGRATED SERVICES GROUP,
5    INC., as subrogees of TRANSPORT LEASING/
     CONTRACT, INC.; HANSEN & ADKINS AUTO
6    TRANSPORT,

7          Plaintiffs,

8    vs.                    CASE NO. 3:06-CV-645-MEF

9    EMORY LEE YOUNG, an individual,

10         Defendant.

11

12            *  *  *  *  *  *  *  *  *  *  *

13

14         DEPOSITION OF VERNY OBREGON, taken pursuant

15   to stipulation and agreement before Shannon M.

16   Williams, Certified Shorthand Reporter and

17   Commissioner for the State of Alabama at Large,

18   in the Law Offices of Ramsey, Baxley & McDougle,

19   212 West Troy Street, Dothan, Alabama, on January

20   24, 2007, commencing at approximately 1:00 p.m.

21

22            *  *  *  *  *  *  *  *  *  *  *

23

24

25
```



PLAINTIFF'S
EXHIBIT

B

PENGAD-Bayonne,N.J.

1      unit Mr. Johns on the C.B. radio but he

2      continued on, kept advancing on forward

3      towards him as he noticed it, and saw

4      Mr. Johns swerve right.  But he still had

5      contact.

6  Q.  Did he say anything to you about having his

7      eyes off the road?

8  A.  Mr. Berry?

9  Q.  Yes.

10  A.  No, sir.  And he also stated that they had

11      been riding together since I-85 exit from

12      Macon County.

13  Q.  He didn't say anything about seeing a woman

14      with short shorts on?

15  A.  They mentioned that.

16  Q.  Is that right?  Did you just remember that

17      when I asked you that question?  Did that

18      trigger a memory or something?

19  A.  Yes, sir.  They mentioned that.

20  Q.  Who mentioned that?

21  A.  Mr. Berry did.

22  Q.  Now that your memory may have been triggered

23      a little bit, what do you recall him saying?

24  A.  He said it was a female walking down the road

25      in short shorts -- well, shorts.  I don't

1       know if they were short shorts, but they were

2       shorts.  And I believe he was slowing down

3       for the car ahead of him also at the same

4       time.  But he noticed that the female was on

5       the road, I believe going east.

6   Q.   On the road?

7   A.   On the shoulder walking, off the roadway.

8       Well, I'm not sure if she was west or

9       eastbound.  I'm not sure.  But they did

10      mention something of that.

11  Q.   Do you think Mr. Young, Unit Number 2, do you

12      think he was being careless?

13  A.   No, sir.

14  Q.   Do you think he was being attentive?

15  A.   Yes, sir.

16  Q.   What about Mr. Berry, the very first vehicle,

17      Unit Number 4?  Was he being careless?

18  A.   No, sir.

19  Q.   Was he being attentive?

20  A.   Yes.

21  Q.   What about -- the same two questions for

22      Ms. Anglin.

23  A.   Yes, sir.  She was attentive and not being

24      careless.

25  Q.   Did you see where any of the drivers other

1    Q.    They normally don't?

2    A.    No, sir.  They just -- they just come out to

3          assist us with traffic.

4    Q.    That's what I was about to ask you.  What was

5          their role at this accident?

6    A.    Their role, if they get there first, they

7          attend to traffic until we arrive.  And

8          they'll remain on the scene assisting with

9          traffic so we can get all the information on

10         all the vehicles.  And they will stay there

11         as long as they can, unless they have to go.

12         When they do have to leave, a volunteer

13         firefighter will step in and control traffic.

14   Q.    Do the State Troopers and -- well, in Russell

15         County, do the State Troopers handle just the

16         accidents on U.S. highways or all the

17         accidents in the county that are on public

18         roads?

19   A.    All accidents in Russell County outside of

20         the jurisdiction of Phenix City.

21   Q.    And Russell County only goes to accidents on

22         private property or else --

23   A.    Correct.

24   Q.    -- to assist y'all or the city cops?

25   A.    Correct.

```
                    RUSSELL COUNTY SHERIFF'S DEPARTMENT                        341
                          LAW Incident Table:                    Page:    1

Incident Number: SL0403634
Nature: Accident, PI   Case Number: _____ _____        Image: ____ __
  Addr: Carlisle Grocery                         _____ Area: NORTH Sheriff's Pat>
  City: Phenix City    ST: AL  Zip: 36867         Contact:
+- Complainant:   193527 -------------------- ----------------------------------+
| Lst: STONE                   Fst: JANICE        Mid: RITCHIE      SAPOF |
| DOB: 05/28/51  SSN: 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 Adr: 7 GOBLE RD                        |
| Rac: W Sx: F Tel: (334)298-8981 Cty: Phenix City   ST: AL Zip: 36867   |
+----------------------------------------------------------------------------+
  Offense Codes: TAPI ____ ____ ____ ____ _    Reported: TAPI  Observed:
  Circumstances:
Rspndg Officers: Threat, Kirby      EM1            Powell, Darryl
Rspnsbl Officer: Threat, Kirby   Agency: RCSO        CAD Call ID: 04SC04180
    Received By: Cooper, Jason      Last RadLog: 17:52:10 07/15/04    CMPLT
    How Received: 9  911 Line        Clearance: S5   Incident Report Taken
  When Reported: 15:36:21 07/15/04  Disposition: CLO  Disp Date: 07/15/04
  Occurrd between: 15:36:21 07/15/04  Judicial Sts:
            and: 15:36:21 07/15/04    Misc Entry:
MO:
  Narrative: (See below)                                               +
  Supplement: _____    _____    _____
```

```
= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =


INVOLVEMENTS:
Type  Record #   Date      Description                 Relationship
 NM    193527   07/15/04   STONE, JANICE RITCHIE SAPOF *Complainant
 NM    214173   07/15/04   Berry, Louis                Driver #1
 CA   04SC04180 07/15/04   15:36 07/15/04 Accident, PI *Initiating Call

LAW Incident Offenses Detail:
                   Offense Codes
Seq Code                                    Amount
 1  TAPI Traffic Accident w/Injury           0.00


LAW Incident Responders Detail
    Responding Officers
Seq Name              Unit
 1  Threat, Kirby     5725
 2  EM1               EM1
 3  Powell, Darryl    5715


Main Radio Log Table:
Time/Date            Typ Unit   Code   Zone   Agnc Description
17:52:10 07/15/04     f  211FF  CMPLT  LAVFD  LVFD incid#=04LV00347 Completed cal
17:51:22 07/15/04     l  5715   CMPLT  NORTH  RCSO incid#=SL0403634 Completed cal
17:51:22 07/15/04     l  5725   CMPLT  NORTH  RCSO incid#=SL0403634 Completed cal
17:51:22 07/15/04     l  EM1    CMPLT  NORTH  RCSO incid#=SL0403634 Completed cal
```



| Time/Date | | Typ | Unit | Code | Zone | Agnc | Description |
|---|---|---|---|---|---|---|---|
| 17:49:37 | 07/15/04 | l | 5715 | ARRVD | CWIDE | RCSO | 244145 |
| 17:31:16 | 07/15/04 | l | 5715 | ENRT | CWIDE | RCSO | judge howards 244127 j3x1 fema |
| 17:28:23 | 07/15/04 | l | 5715 | ARRVD | CWIDE | RCSO | |
| 17:16:10 | 07/15/04 | e | C43 | CMPLT | NORTH | | incid#=16889 Completed call ca |
| 17:16:00 | 07/15/04 | l | 5715 | ENRT | CWIDE | RCSO | east ala mental health' |
| 17:12:03 | 07/15/04 | e | C43 | CMPLT | NORTH | | incid#=   16889 Reassigned to |
| 17:07:41 | 07/15/04 | e | C43 | ARRVD | NORTH | | incid#=16889 Arrived on scene |
| 16:12:39 | 07/15/04 | e | C43 | ENRT | NORTH | | incid#=16889 Enroute to cmc ca |
| 16:08:52 | 07/15/04 | f | 311FF | CMPLT | LAVFD | RCSO | incid#=04LV00347 Completed cal |
| 15:54:19 | 07/15/04 | l | EM1 | ARRVD | NORTH | RCSO | incid#=SL0403634 Arrived on sc |
| 15:48:18 | 07/15/04 | l | 5715 | ARRVD | NORTH | RCSO | incid#=SL0403634 Arrived on sc |
| 15:48:05 | 07/15/04 | l | 5715 | ENRT | NORTH | RCSO | incid#=SL0403634 Enroute to a |
| 15:47:28 | 07/15/04 | f | 311FF | ARRVD | SCITY | RCSO | |
| 15:46:52 | 07/15/04 | l | 5725 | ARRVD | NORTH | RCSO | incid#=SL0403634 Arrived on sc |
| 15:46:52 | 07/15/04 | l | EM1 | ARRVD | NORTH | RCSO | incid#=SL0403634 Arrived on sc |
| 15:45:06 | 07/15/04 | e | C43 | ARRVD | NORTH | | incid#=16889 Arrived on scene |
| 15:41:09 | 07/15/04 | f | 211FF | ARRVD | LAVFD | LVFD | incid#=04LV00347 Arrived on sc |
| 15:41:09 | 07/15/04 | f | 311FF | ARRVD | LAVFD | RCSO | incid#=04LV00347 Arrived on sc |
| 15:39:55 | 07/15/04 | e | C43 | ENRT | NORTH | | incid#=16889 Enroute to a call |
| 15:39:33 | 07/15/04 | l | EM1 | ENRT | NORTH | RCSO | incid#=SL0403634 Enroute to a |
| 15:38:35 | 07/15/04 | l | 5725 | ENRT | NORTH | RCSO | incid#=SL0403634 Enroute to a |
| 15:38:18 | 07/15/04 | f | 211FF | ENRT | LAVFD | LVFD | incid#=04LV00347 Enroute to a |
| 15:38:18 | 07/15/04 | f | 311FF | ENRT | LAVFD | RCSO | incid#=04LV00347 Enroute to a |

Narrative:
CASE: SL0403634
DATE: 07-15-04

On 07-15-04 at appr. 1530hrs. Dep. Threat was dispatched to an accident on Hwy 80 / Goble Road by C/O Cooper.

On arrival R/O spoke with driver #1, Louis Berry, who was driving a tractor trailer (tag Illinois T3344685) who stated that he made a complete stop on Hwy 80 eastbound lane because he was looking at a female wearing short shorts. At which time the driver of vehicle #2 James Johns, stated that he had no choice but to collide with the rear of vehicle #1 and rest in the ditch.

Emory Young was driving behind James Johns in a Toyota which collided with the rear of vehicle #2.

Vehicle #4 was driven by Lori Anglin who was traveling west as well and struck vehicle #3.

Vehicle #2, driven by James Johns was completely totaled and James Johns was treated by Care Ambulance attendants Best and Rouston, and was transported to the Medical Center for further medical attention. All parties had insurance.