IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUMBERMAN'S UNDERWRITING ALLIANCE, et al., ) | |
| Plaintiffs ) | |
| vs. ) | Civil Action No.: 3:06-CV-645-MEF |
| LOUIS BERRY, et al. ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

**COMES NOW** the Defendant, Louis Berry, and files this reply to the plaintiff's response to this defendant's Motion to Dismiss and in support thereof states as follows:

**BRIEF OVERVIEW**

This case arises out of a motor vehicle accident which occurred on July 15, 2004 (See plaintiffs' complaint). The case was originally filed in state court in Russell County, Alabama on June 22, 2006 against defendant Emory Lee Young as the lone defendant. The plaintiffs alleged in the complaint that an "unidentified driver" one car ahead of the plaintiffs' insured (James John ("John")) made a sudden left turn. The plaintiffs further alleged that this defendant, Berry, who was operating the vehicle immediately ahead of John and behind the car turning left, had to "quickly apply his brakes." As Berry's vehicle came to a stop, John braked but lost control and hit Berry in the rear. John's vehicle was then struck from behind by defendant Young according to the plaintiffs' complaint. The plaintiffs alleged that Johns was injured as a result of being struck by Young. The plaintiffs alleged further in their complaint that they paid out insurance benefits for John's medical

bills and other expenses and the plaintiffs in their compliant sought recovery for same. The plaintiffs alleged that the damages sustained resulted from the wrongful conduct of Young.

According to the case action summary, this case was removed from state court to this Court by a Notice of Removal filed by Young on or about July 20, 2006. A scheduling order was entered on or about August 25, 2006. That order included a deadline for amending the pleadings of November 10, 2006.

This defendant (Berry) was sued in this matter by way of an amended complaint filed on February 2, 2007. The plaintiffs allege in their amended complaint, contrary to the set of facts contained in their original complaint, that Berry came to a sudden stop in the road because he saw a "woman walking along US 280 wearing short shorts." The remainder of the plaintiffs' allegations are consistent with the original complaint, namely that John could not stop in time before hitting Berry in the rear and then John was struck in the rear by Young.

Berry was served with the summons and amended complaint on February 9, 2007 and filed a Motion to Dismiss on March 1, 2007 arguing that the plaintiffs' claims against him were barred by the applicable statute of limitations. The statute of limitations for this motor vehicle accident expired on **July 15, 2006**. (Ala. Code § 6-2-38 (l)). The amended complaint was not filed until **February 2, 2007**.

The plaintiffs attempt to argue in their responsive materials that their amended complaint relates back to the filing of the original complaint. However, the plaintiffs failed to name any fictitious parties in their *original* complaint. Even had they done so, such would not apply to this defendant as this defendant's identity was known to the plaintiffs as evidenced by the mention of Berry in the original complaint. (See, e.g., *Pearson v. Brooks*, 883 So. 2d 185 (Ala. 2003). Accordingly, the plaintiffs may not avail themselves of fictitious party pleading.

Absent the naming of fictitious defendants, the only avenue available for the plaintiffs to claim relation back of the amendment is through satisfying the provisions of Rule 15 ( c)(3) of the Alabama Rules of Civil Procedure which provides as follows:

> **( c)** **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> ***
>
> (2) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13( c) for counterclaims maturing or acquired after pleading, or
>
> (3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, ....

Here, since the amendment changes a party, Rule 15( c)(3) must be satisfied. It is not enough that Rule 15( c)(2) be satisfied alone where an amendment changes a party against whom a claim is asserted.

Rule 15( c)(3) requires, first, that Rule 15( c)(2) be met. Once that provision is met, then the plaintiffs must satisfy the remainder of Rule 15( c)(3). Namely, the plaintiffs must show that, *"within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action*, whichever comes later," Berry "received such notice of the institution of the action that [Berry] will not be prejudiced in maintaining a defense on the merits" AND that "[Berry] knew or should have known that, but for a mistake concerning the identity of [Berry], the action would have been brought against the [Berry]." ARCP Rule 15( c)(3), emphasis added.

First and foremost, the rule requires that Berry receive notice of the suit within a prescribed period of time. Here, the statute of limitations was two years so it ran on July 15, 2006. The original

suit in state court was filed June 22, 2006. 120 days out from that filing would have been October 20, 2006. Since the latter date is later than July 15, 2006, Rule 15( c)(3) dictates that, for an amendment to even possibly relate back to the time of the original filing, Berry would have had to receive notice of the suit by October 20, 2006. Such is not the case as Berry did not receive notice until he was served on February 9, 2007. That being the case, the Court need not even address the remainder of the requirements of Rule 15( c)(3) as notice within the prescribed time is a prerequisite to relation back.

The plaintiffs attempt to argue, without support, that the 120 day requirement under the rule is somehow flexible and open to adjustment. They assert that the 120 time period is governed by Rule 4 of the Alabama Rules of Civil Procedure which governs service of process. They then argue that Rule 4(b) provides for an extension of the 120 service period upon a showing of good cause where the plaintiff is not able to effect service on a defendant within 120 days of the filing of the summons and complaint.

There is absolutely no legal support for extending the provisions of Rule (b) to Rule 15 ( c)(3). The plaintiffs cite no authority for this proposition. In fact, they admit that there is no case in Alabama dealing with the issue. That is because the rules are not intended to coincide.

The ramifications of plaintiffs' argument are tremendous and an examination of the result of their argument, if taken to its fruition, shows clearly that they are incorrect in their leap. Rule 4(b) only allows for a possible extension of service of a previously filed summons and complaint. Rule 4(b) is not an escape clause to be used where a plaintiff misses the statute of limitations, files a tardy complaint, and then tries to argue that Rule 4(b) allows the plaintiff to get an "extension" that would allow their complaint to date back to a time period within the statute of limitations. Such a position is too twisted to fathom.

The plaintiff wants to take the position that the 120 day period set forth in Rule 15( c)(3) can be extended and enlarged backwards to predate the actual filing of the amended complaint. Rule 4(b)

does not allow the time for service to be extended backwards past 120 days, only forwards.

Secondly, it is clear that the 120 day provision in Rule 15( c)(3) is in fact set in stone and is not flexible. The Committee Comments to Subdivision ( c) state that the rule "uses the period of limitations or one hundred twenty days (120) days from the commencement of the action, whichever comes later, as the time in which a defendant who is improperly sued is vulnerable to notice of the existence of litigation, which would thereby make that person susceptible to joinder by an amendment that related back." There is no provision whatsoever in the rule that allows for modification of the prescribed time period.

In *Davison v. Pogue*, 735 So. 2d 1240 (Ala. Civ. App. 1999), a plaintiff in a car wreck case sued the wrong defendant. After the two year statute of limitations ran, the plaintiff attempted to amend her complaint to add the correct defendant. The Court in analyzing the situation stated that the amendment would relate back only if the provisions of Rule 15 were met.

The Court specifically held that, in order for the amendment to relate back, the correct defendant must have "within 120 days of the filing of the original complaint" received notice of the action and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against her. Id. At 1243. In *Davison*, the plaintiff failed to serve the correct defendant within 120 days of the filing of the original complaint. Absent such evidence, the Court held that the amendment could not relate back. Id. At 1244.

The same is true in the present case. The plaintiffs failed to provide notice to Berry of the institution of the action within 120 days of the filing of the original complaint as required under Rule 15 for the amendment to relate back. As such, the amendment does not relate back and the claims against Berry are due to be dismissed.

Secondly, even assuming for the sake of argument that Berry did receive timely notice, the plaintiffs cannot satisfy the remainder of the requirements of Rule 15( c)(3). Specifically, the plaintiffs must show that Berry "knew or should have known that, but for a mistake concerning the

identity of the proper party, the action would have been brought against [Berry]." Rule 15( c)(3) ARCP.

This provision of the rule contemplates a situation where the plaintiff attempts to sue the correct defendant but names that defendant improperly or names another defendant by mistake. *Davison*, supra. The provision does not allow for a plaintiff to add a completely new defendant in addition to other already properly named defendants as the plaintiffs are attempting here. Id.

Berry was rear-ended by the plaintiffs' insured on the highway. There is nothing about that which would lead him to have knowledge that he was a proper defendant. Furthermore, even if Berry had received notice of the original complaint, the content of that complaint specifically indicated in the narration of facts that Berry (identified by name) was not responsible in any way for the accident. Therefore, nothing in the original complaint could have or would have Berry should have known that he should have been a party in the action. Accordingly, the plaintiffs cannot satisfy the remainder of the requirements of Rule 15( c)(3).

Lastly, the plaintiffs discuss getting leave of this Court to file the amended complaint. Berry was not involved in the case and obviously was not heard on the issue.

The bottom line here is that Berry was added to this case over two years and seven months after an accident where he was rear-ended on the road. To allow the amended complaint to stand would cause actual and irreversible prejudice to Berry. His ability to investigate this accident due to the passage of time has been greatly diminished. Evidence has grown stale or perhaps been destroyed. Witnesses are perhaps no longer available or their memories not as good of the events. Discovery has already begun in this case. In particular, the depositions of the investigating Trooper has been taken and Berry was not allowed to participate. To allow the amendment now would in fact greatly prejudice Berry.

The plaintiffs failed to diligently investigate this matter and failed to diligently pursue discovery. Their failure, and their general failure to sue Berry, a known party, when the case was

originally time filed, would be the actual cause of the prejudice to Berry. Clearly, the plaintiffs should not profit from their mistakes and lack of diligence at the expense of Berry.

In conclusion, nothing in this matter would allow for any extension of the statute of limitations to a date that would include the date the amended complaint was filed, nor is there anything that would allow the amended complaint to relate back to the time of the original filing. To allow the amendment would cause actual and irreparable prejudice to Berry. As such, the plaintiffs' claims against Berry are due to be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, this defendant moves this Court to dismiss the plaintiffs' claims against him with prejudice.

**ORAL ARGUMENT REQUESTED**

s/Patrick R. Norris
Patrick R. Norris
asb-3835-s81p
Attorney for defendant

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama  35209-6812
(205) 871-1811

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 28th day of March, 2007, served a copy of the foregoing pleading on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

Michael S. Jackson
Ryan Wesley Shaw
Beers, Anderson, Jackson,
 Patty, Van Heest, & Fawal, P.C.
250 Commerce Street, Suite 100
Montgomery, Alabama 36102

Joshua J. Jackson
Samford & Denson, LLP
Post Office Box 2345
Opelika, Alabama 36803-2345

                                                s/Patrick R. Norris
                                                Of Counsel