## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **LUMBERMAN'S UNDERWRITING ALLIANCE, as a Subrogee of TRANSPORT LEASING/CONTRACT, INC.; HANSEN & ADKINS AUTO TRANSPORT,** | * * * * * * | |
| **Plaintiff,** | * * | |
| **vs.** | * * | **3:06-CV-645-MEF** |
| **EMORY LEE YOUNG an individual; LOUIS BERRY, an individual** | * * * * | **Formerly Russell County Circuit Court Case No.: CV-06-224** |
| **Defendants.** | * | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**NOW COMES** the Plaintiff, Lumberman's Underwriting Alliance ("LUA"), as a Subrogee of Transport Leasing/Contract, Inc., ("TLC") and Hansen & Adkins Auto Transport ("HAAT") and makes the following Second Amended Complaint against the Defendants.

## PARTIES

1)      LUA is, upon information and belief, a corporation incorporated under the laws of the State of Missouri and qualified to do business in the State of Alabama.

2)      TLC is, upon information and belief, a corporation incorporated under the laws of the State of Indiana and qualified to do business in the State of Alabama.

3)      HAAT is, upon information and belief, a Duval County, Florida-based company based out of Los Angeles County, California.

4)     Emory Lee Young ("Young") is a resident of Muscogee County, Georgia and over nineteen years of age.

5)     Young was insured by Geico at the time of the incident made the basis of this Complaint.

6)     Louis Berry ("Berry") is a resident of Saluda County, South Carolina and over nineteen years of age.

7)     Berry's employer, Mercer Transportation Co., Inc., was insured by Continental Casualty Company at the time of the incident made the basis of this Complaint.


**FACTS**

8)     Plaintiff realleges, reavers, and adopts by reference as if set out fully herein paragraphs 1-7 of the Complaint.

9)     On or about July 15, 2004, James John, ("John"), was driving a tractor trailer as an employee of TLC that had a lease contract with HAAT.

10)     While traveling through Russell County on US 80, John was approaching the intersection with Goble Road when Berry (in the truck ahead of John) quickly applied his breaks and came to a sudden stop.

11)     Upon information and belief, Berry came to a complete stop when he witnessed a woman walking along US 80 wearing short shorts.

12)     As Berry's tractor trailer stopped, John, although following a safe distance behind Berry, began to fishtail and was unable to avoid contact with Berry's tractor trailer.

13)     John's vehicle was then struck from behind by Young's vehicle.

14)     Young's vehicle, after making contact with John's tractor trailer, was then struck from behind by a vehicle driven by Loni Anglin.

15)     As a result of his collision with Berry or Young's collision with the rear of John's tractor trailer, John was caused to suffer a fractured pelvis, contusions, and various other injuries associated with the violent impact.

16)     The insurance carriers for John's employers paid John's medical bills and other expenses related to the incident made the basis of this lawsuit totaling $141,424.05.

## COUNT ONE

### (Negligence)

17)     Plaintiff realleges, reavers, and adopts by reference as if set out fully herein paragraphs 1-16 of the Complaint.

18)     Berry and Young were negligent in the operation of their motor vehicles and as a result caused injury to John.

19)     Berry had a duty to operate his vehicle in a safe manner, at a safe speed, and a safe distance ahead of John.

20)     Young had a duty to operate his vehicle in a safe manner, at a safe speed and distance behind John.

21)     Berry breached this duty and thus, when he applied his breaks quickly, John was unable to avoid colliding with his vehicle which caused injury to John.

22)     Young breached this duty and thus, when the initial accident occurred, was unable to stop from colliding with and further injuring John.

23)     John was injured, in part or wholly, by the Defendants' negligence in the form of a

3

fractured pelvis, contusions, and various other injuries associated with the incident made the basis of this lawsuit.

24)     Plaintiff expended $141.424.05 as a result of reasonable and necessary medical expenses as a result of the injury to John.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants and in favor of the Plaintiff in the amount of $141,424.05.


## CONCLUSION

As a result of Berry and Youngs' negligent operation of their motor vehicles, John was caused to suffer injury and Plaintiffs HAAT and TLC to pay for John's medical and other related expenses.  The Plaintiff respectfully requests a judgment against the Defendants in the amount of $141,424.05

**RESPECTFULLY SUBMITTED** this the 9th day of April, 2007.


   /s/   Ryan Wesley Shaw
**MICHEAL S. JACKSON [ASB-8173-078M]**
**RYAN WESLEY SHAW [ASB-2475-Y83S]**
**Attorneys for Plaintiff**

**OF COUNSEL**:
Beers, Anderson, Jackson,
  Patty, Van Heest & Fawal, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
(334) 834-5311        Phone
(334) 834-5362        Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joshua J. Jackson, Esq.
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, Alabama 36803-2345

Patrick Norris, Esq.
MCDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812


  /s/   Ryan Wesley Shaw
**OF COUNSEL**